# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| MATTHEW D. JOZWIAK, | : | Case No. 1:22-cv-728 |
| | : | |
| Petitioner, | : | |
| | : | District Judge Douglas R. Cole |
| vs. | : | Magistrate Judge Stephanie K. Bowman |
| | : | |
| WARDEN, WARREN CORRECTIONAL INSTITUTION, | : | |
| | : | |
| Respondent. | : | |

## AMENDED[1] REPORT AND RECOMMENDATION

Petitioner has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on respondent's motion to dismiss (Doc. 12) and petitioner's response in opposition (Doc. 13). For the reasons stated below, the undersigned recommends that the petition be dismissed because it is time-barred pursuant to 28 U.S.C. § 2241(d)(1).

### I. PROCEDURAL HISTORY

#### State Trial Proceedings

On October 16, 2017, the Warren County, Ohio, grand jury returned a two-count indictment charging petitioner with two counts of operating a vehicle while under the influence of alcohol or drug of abuse. (Doc. 11, Ex. 1). Both counts included specifications based on the allegation that petitioner had been convicted of or pleaded guilty to five or more equivalent

---

[1] On January 5, 2024, a Report and Recommendation was issued in this case. (*See* Doc. 16). The Report and Recommendation did not include the final page of this Amended Report and Recommendation, which provides notice regarding objections. Petitioner has also filed a letter indicating that his address has changed. (*See* Doc. 18). The Clerk of Court is **DIRECTED** to send this Amended Report and Recommendation to petitioner at his current address and update the docket sheet to reflect petitioner's current address.

offenses within twenty years. Petitioner entered a not-guilty plea. (Doc. 11, Ex. 2).

Following a jury trial, petitioner was found guilty as charged in the indictment. (Doc. 11, Ex. 3, 4). On August 6, 2019, petitioner was sentenced to a total aggregate prison sentence of five years in the Ohio Department of Rehabilitation and Corrections. (Doc. 11, Ex. 5).

Petitioner filed a motion for a new trial on August 8, 2019. (Doc. 11, Ex. 6). The motion was based on the alleged ineffectiveness of trial counsel. On August 9, 2019, the trial court denied petitioner's motion. (Doc. 11, Ex. 7).

## Direct Appeal

On September 5, 2019, petitioner, through new counsel, filed a notice of appeal to the Ohio Court of Appeals. (Doc. 11, Ex. 8). Petitioner raised the following assignments of error:

1. THE TRIAL COURT ERRED IN CONVICTING APPELLANT

   First Issue Presented for Review: A conviction of OVI is the result of ineffective assistance of counsel where the stop and detention are without reasonable suspicion for a traffic stop and/or the field sobriety testing is not proven to be conducted in compliance with required standardized testing but trial counsel does not file a motion to suppress to test the admissibility of the evidence before trial or object to the testimony at trial.

   Second Issue Presented for Review: A conviction OVI is the result of ineffective assistance of counsel where trial counsel fails to oppose or object to the arresting officer's opinion of and/or the State's arguments directed to the defendant's honesty and results of out of court "studies."

   Third Issue Presented for Review: A conviction for OVI is the result of ineffective assistance of counsel where trial counsel fails to oppose or object to argument, instruction, or evidence of stipulated prior convictions.

   Fourth Issue Presented for Review: A trial court errs in admitting and/or it is ineffective assistance of trial counsel to fail to object to testimony in an OVI trial on the request for, performance of, or result of a roadside portable breath test in an OVI trial.

> Fifth Issue Presented for Review: A trial court errs in allowing and it is ineffective assistance of counsel to fail to object to the State in a criminal case to present evidence of a defendant's failure to voluntarily make statements to the police regarding the offense or possible defenses.
>
> Sixth Issue Presented for Review: Cumulative errors that individually may have been harmless or otherwise not reversible error by themselves when considered together denied Appellant a fair trial or were in combination ineffective assistance of counsel.
>
> 2. THE TRIAL COURT ERRED IN SENTENCING APPELLANT
>
> First Issue Presented for Review: A trial court errs in ordering a forfeiture of $60,000.00 for sale of a forfeitable motor vehicle based on an oral proffer of a NADA value for a generic motor vehicle.
>
> 3. THE TRIAL COURT ERRED IN DENYING WITHOUT A HEARING APPELLANT'S MOTION FOR NEW TRIAL
>
> First Issue Presented for Review: A trial court errs in denying a motion for new trial that asserts valid factual grounds for relief without conducting a hearing or issuing findings of fact or conclusions of law.

(Doc. 11, Ex. 9 at PageID 156-63). On July 14, 2020, the Ohio Court of Appeals overruled petitioner's assignments of error and affirmed the judgment of the trial court. (Doc. 11, Ex. 12).

Petitioner did not seek further review in the Ohio Supreme Court.

**Post-Conviction Motions**

On October 16, 2019, during the pendency of his direct appeal, petitioner filed a motion to stay the execution of his sentence. (Doc. 11, Ex. 14). On November 12, 2019, the trial court denied petitioner's motion. (Doc. 11, Ex. 15).

On October 5, 2022, petitioner filed a motion for judicial release. (*See* Doc. 11, Ex. 18 at PageID 281). On October 28, 2022, the trial court denied the motion. (*Id.*).

On February 13, 2023, petitioner filed a motion to mitigate the remainder of his sentence,

3

which was denied by the trial court on February 14, 2023. (Doc. 11, Ex. 16, 17).

Petitioner did not appeal from the trial court's orders.

### Federal Habeas Corpus

On December 6, 2022, petitioner filed the instant federal habeas corpus action. (Doc. 1). Petitioner raises the following six grounds for relief in the petition:

> **GROUND ONE**: Petitioner was denied the compulsory process for obtaining witnesses thus preventing the guaranteed right of the accused to present witnesses.
>
> Supporting Facts: Defense attorney did not engage or concern himself with interviewing myself to obtain key witnesses on my behalf nor contacted said business personnel to refute the states efforts. The court ordered Pre-sentencing investigation form provides a detailed timeline of the 36 hours leading up to the actual arrest. The PSI names the people- and places whom are key witnesses on my behalf.
>
> **GROUND TWO**: Lost the corrective contact lens in my dominant eye. I am considered blind without corrective lens in eye.
>
> Supporting Facts: The video shows the event. The police officer testified on this occurrence. Without my contact lens in the right eye (dominant eye) I have 20/300 vision. I have no depth perception, experience vertigo, unable to focus on objects or able to see in low light and dark settings. This right eye (dominant eye) does not allow me to perform an eye test with any accuracy due to practically being blind without the corrective lenses.
>
> **GROUND THREE**: Petitioner was recovering from a lower back surgery to relieve the nerve pressure controlling the right leg movement.
>
> Supporting Facts: I had lower back surgery (L5) to remove pressure on the nerve which controls the petitioners right leg. The issue was logged on the field report by the arresting officer. The surgery was done on or around March First 2017, The surgery was performed at Atrium Medical Center in Middletown Ohio.
>
> **GROUND FOUR**: Petitioner was not in attendance at the first Pretrial or the Second PreTrial hearings.

4

> Supporting Facts: The Petitioner was not properly represented at this critical stage. The Defense Attorney did not communicate with petitioner to gain key facts pertaining to the case. Petitioner was not interviewed to present the facts on the case. Petitioner required at Pretrial to validate accusations and states evidence is accurate.
>
> **GROUND FIVE**: Initial turn signal violation resulting in the probable cause being used to pull the petitioner over is "hearsay."
>
> Supporting Facts: The police vehicle was equipped with video recording device having more than enough time to record the action was not used. The official time before the actual supposed violation and the actual police officer stop was at least 5 miles down the road and 5 to 6 stop lights. The officer did not have any collaboration person to certify the supposed turn signal violation hence it did not happen.
>
> **GROUND SIX**: Jury was prejudice against petitioner due to lack of defense evidence, defense witnesses, defense posture or any defense strategy.
>
> Supporting Facts: As a result of no defense witnesses, either to refute the state single sole witness, to testify for the petitioner as an affidavit for petitioner to speak on the petitioner health and well being, to speak for the petitioner medical condition, to speak on the petitioner visual impairment or present any trial defense the jury was prejudice against for petitioner.

(Doc. 1 at PageID 5-14).

Respondent has filed a motion to dismiss the petition (Doc. 12), which petitioner opposes (Doc. 13). According to respondent, petitioner's grounds for relief are time-barred and procedurally defaulted.

## II. ANALYSIS.

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

5

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

There is no evidence in the record in this case to suggest that the provisions set forth in §§ 2244(d)(1)(B) through (D) apply to petitioner's grounds for relief. Petitioner has not alleged that a State created impediment prevented him from filing the instant petition or that his claims are governed by a newly recognized constitutional right made retroactively applicable to his case. Furthermore, petitioner's grounds for habeas relief are based on alleged errors that occurred during the trial court proceedings. Because petitioner was aware of the facts underlying his claims or the claims could have been discovered through the exercise of due diligence by the close of the direct review, his grounds for relief are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became final "by the conclusion of direct review or the expiration for the time for seeking such review."

In this case, under § 2244(d)(1)(A), petitioner's conviction became final on August 28, 2020, when the 45-day period expired for filing an appeal to the Ohio Supreme Court from the

Ohio Court of Appeals' July 14, 2020 direct appeal decision.  *See* Ohio Sup. Ct. Prac. R. 7.01(A)(1)(a)(1).  *See also Gonzalez v. Thaler,* 565 U.S. 134, 149-52 (2012) (holding that because the petitioner did not appeal to the State's highest court, his conviction became final under § 2244(d)(1)(A) "when his time for seeking review with the State's highest court expired").  The statute commenced running on August 31, 2020, the next business day after petitioner's conviction became final, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on August 31, 2021, absent the application of statutory or equitable tolling principles.

During the one-year limitations period, petitioner was entitled to tolling of the statute under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review.  *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 560 U.S. 631, 635 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003).  "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run."  *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).  Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute-of-limitations bar.  *Id.*

It is well-settled that a state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  State post-conviction or collateral review applications rejected by the state courts on timeliness grounds are not "properly filed" and, therefore, are not

7

subject to statutory tolling under § 2244(d)(2). *See Allen,* 552 U.S. at 5-6; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Vroman,* 346 F.3d at 603.

In this case, none of petitioner's post-conviction motions result in the limitations being statutorily tolled. As noted above, petitioner filed his motion to stay the execution of his sentence during the pendency of his direct appeal. (*See* Doc. 11, Ex. 14). Because the trial court denied the motion on November 12, 2019, prior to his sentence becoming final this motion does not toll the limitations period in this case. Petitioner took no further action in the state courts until October 5, 2022, when petitioner filed a motion for judicial release. (*See* Doc. 11, Ex. 18 at PageID 281). Because the limitations period had already expired on August 31, 2021, the motion (or petitioner's later filed motion to mitigate sentence) does not operate to toll the limitations period. *See Vroman*, 346 F.3d at 602.

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 560 U.S. at 645, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 560 U.S. at 649 (internal quotations omitted)); *see also Pace,* 544 U.S. at 418. Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at

8

750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir. 2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner has not demonstrated that he is entitled to equitable tolling in this case. First, petitioner has not shown that he has been diligent in pursuing his rights. The Sixth Circuit has indicated that the relevant inquiry in determining whether equitable tolling applies is whether petitioner was diligent in pursuing federal habeas relief. In this case, petitioner waited 830 days to file his habeas petition after his conviction and sentence became final. Accordingly, petitioner has not demonstrated that he was diligent in pursuing his federal rights. *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003) (finding that petitioner's decision to proceed solely in state court "rather than filing his federal habeas petition and protecting his federal constitutional rights, demonstrates a lack of diligence"). Second, petitioner has not argued much less demonstrated that he was prevented by some extraordinary circumstance from seeking relief in a timely manner.

As to the timeliness of the petition, petitioner claims he sought assistance from an attorney who informed him that he did not have grounds for federal habeas relief. (*See* Doc. 1 at PageID 17). After receiving the "bad advice" from counsel,[2] petitioner indicates "I took it upon

---

[2] Petitioner does not indicate when he sought assistance from counsel or otherwise argue that counsel prevented him from filing a timely habeas petition. In any event, petitioner has no constitutional right to counsel in a federal habeas corpus proceeding, *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002), and "attorney error is an inadequate justification for equitable tolling" in the Sixth Circuit. *Martin v. Hurley*, 150 F. App'x 513, 516 (2005) (citing *Jurado v. Burt*, 337 F.3d 638, 644-45 (6th Cir. 2003) ("Generally, a lawyer's mistake is not a valid basis for equitable tolling.") (internal quotation marks and citation omitted); *Colwell v. Tanner*, 79 F. App'x 89, 92-93 (6th Cir. 2003) (holding that an attorney's "unwise" choice to file a habeas petition late was "not grounds for tolling the statutorily mandated on-year limitations period."); *Elliot v. Dewitt*, 10 F. App'x 311, 313 (6th Cir. 2001) ("[A]n

9

myself to seek the answer thru the study of the law and judicial system for which I deemed I do have a valid case." (*Id.*). However, it is well-settled in the Sixth Circuit that petitioner's pro se status, lack of legal knowledge, or lack of access to legal materials are not sufficient to warrant equitable tolling. *See, e.g., Hall,* 662 F.3d at 750-51 (rejecting the petitioner's argument that he was entitled to equitable tolling because of his lack of access to the trial transcript, as well as his *pro se* status and limited law-library access); *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)) ("this court has repeatedly held that 'ignorance of the law alone is not sufficient to warrant equitable tolling'"). Petitioner has therefore failed to demonstrate that he is entitled to equitable tolling and the petition is time-barred.

Finally, petitioner has neither argued nor otherwise demonstrated that the procedural bar to review should be excused based on a colorable showing of actual innocence. "To invoke the miscarriage of justice exception to AEDPA's statute of limitations, . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence.'" *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)). No such showing has been made in this case.

Accordingly, in sum, the undersigned concludes that the instant federal habeas corpus petition is barred from review by the one-year statute of limitations governing habeas corpus actions brought pursuant to 28 U.S.C. § 2254. Under the applicable provision set forth in 28 U.S.C. § 2244(d)(1)(A), petitioner's conviction and sentence became final on August 28, 2020

---

attorney's mistake which results in missing the filing deadline imposed by the AEDPA is not a basis for equitable tolling.")).

and expired on August 31, 2021. Statutory or equitable tolling principles do not apply to further extend the limitations period or otherwise avoid the statute-of-limitations bar to review in this case. Therefore, petitioner's habeas corpus petition, filed on December 6, 2022, after the expiration of the limitations period, is time-barred.

## IT IS THEREFORE RECOMMENDED THAT:

1. The motion to dismiss (Doc. 12) be **GRANTED** and the petition (Doc. 1) be **DISMISSED** with prejudice on the ground that the petition is time-barred under 28 U.S.C. § 2244(d)**.**

2. A certificate of appealability should not issue with respect to any of the claims for relief alleged in the petition, which this Court has concluded are barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[3]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

---

[3] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief. *See Slack,* 529 U.S. at 484.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge