# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**MATTHEW D. JOZWIAK,**

    **Petitioner,**

    **v.**

**WARDEN, WARREN CORRECTIONAL INSTITUTION,**

    **Respondent.**

**Case No. 1:22-cv-728**

**JUDGE DOUGLAS R. COLE**
Magistrate Judge Bowman

## OPINION AND ORDER

Before the Court is Magistrate Judge Bowman's January 5, 2024, Report and Recommendation (R&R, Doc. 16), and her February 2, 2024, Amended Report and Recommendation (Am. R&R, Doc. 19), which both recommend that the Court grant Respondent's Motion to Dismiss (Doc. 12) and dismiss Petitioner Matthew Jozwiak's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (Doc. 1) as time barred. For the reasons stated more fully below, the Court **ADOPTS**, in large part, the R&R (Doc. 16) and Amended R&R (Doc. 19); **GRANTS** Respondent's Motion to Dismiss (Doc. 12); and **DISMISSES** Jozwiak's Petition (Doc. 1) **WITH PREJUDICE**.

After a jury trial, Jozwiak was found guilty in state court of two felony counts of operating a vehicle while under the influence of alcohol or drugs. (State Ct. R., Doc. 11, #135). On August 5, 2019, he was sentenced to a total of five years of imprisonment with credit for time served, fined, and had his license suspended for

life. (*Id.* at #143–44).[1] Judgment was entered the next day. (*Id.*). Jozwiak moved for a new trial two days later, (*id.* at #147–48), which the court denied on August 9, 2019, (*id.* at #150). Jozwiak then appealed raising several claims of ineffective assistance of trial counsel and challenging the trial court's sentencing decisions. (*Id.* at #156–62). On July 14, 2020, the Ohio Court of Appeals affirmed the entry of judgment on his criminal conviction and sentence. (*Id.* at #245–65). Jozwiak never sought review of this decision in the Supreme Court of Ohio. (*Id.* at #267).

Jozwiak filed his first post-conviction motion following his direct appeal,[2] a document styled as a motion for judicial release, in the state trial court on October 5, 2022. (*Id.* at #281). That court denied it on October 28, 2022. (*Id.*). The court denied Jozwiak's next-filed motion, a motion to mitigate his sentence, on February 14, 2023, the day after it was docketed. (*Id.* at #276, 278, 280). The state court record does not reflect that Jozwiak appealed either order. (*Id.* at #280–81).

On December 6, 2022, Jozwiak filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court. (Doc. 1). On June 21, 2023, Respondent moved to dismiss Jozwiak's petition arguing that (1) it is time-barred, as it was filed outside the one-year statute of limitations for such petitions and that (2) the claims it raises are procedurally defaulted because Jozwiak never sought review in the

---

[1] The clerk of courts' stamp on this judgment is dated August 6, 2019, when the judgment was entered on the state trial court's docket. (Doc. 11, #143, 281). The text of the judgment, however, states that "[t]his matter is before the Court on August 5, 2019 for sentencing." (*Id.* at #143). Given this discrepancy, the Court assumes Jozwiak was in fact sentenced on August 5, 2019, and that entry of judgment was delayed causing it to be docketed the following day.

[2] Jozwiak also filed a post-conviction motion to stay the execution of his sentence on October 16, 2019, which motion was denied on November 12, 2019, several months before the issuance of the disposition of the Ohio Court of Appeals in his direct appeal. (Doc. 11, #269, 274, 281).

2

Supreme Court of Ohio. (Doc. 12, #615). Jozwiak's opposition discussed the alleged bias infecting his underlying state court proceeding but did not argue that his petition was timely. (*See* Docs. 13, 14). On January 5, 2024, the Magistrate Judge issued an R&R recommending dismissal of Jozwiak's petition. (Doc. 16). Following the issuance of the R&R, it came to the attention of the Court that Jozwiak had been released from prison but was still on post-release control. (*See* Doc. 18, #654); *Offender Details*, Ohio Dep't Rehab. & Corr., https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A765286 (last visited Feb. 28, 2024). So, although Jozwiak had not updated his address (as is his obligation, *Nationwide Life Ins. Co. v. Penn-Mont Benefit Servs., Inc.*, No. 16-4707, 2018 WL 1124133, at *6 (6th Cir. Jan. 31, 2018)), the Clerk sent an Amended R&R to his new address on February 2, 2024. (Doc. 19).

The Amended R&R advised Jozwiak that failing to object within 14 days could result in a forfeiture of his right to the Court's de novo review of the Amended R&R, as well as his right to appeal this decision.[3] (*Id.* at #666). *Thomas v. Arn*, 474 U.S. 140, 152–53 (1985); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting the "fail[ure] to file an[y] objection[s] to the magistrate judge's R&R … [constitutes a] forfeiture" of such objections); 28 U.S.C. § 636(b)(1)(C). Accordingly, Jozwiak needed to object by February 16, 2024. The time for filing objections has since passed, and no party has objected. Although no party has objected, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself

---

[3] Other than this notice and a footnote explaining that the Amended R&R was issued because the initial R&R omitted the final page warning Jozwiak about the consequences of failing to object to the R&R and because Jozwiak had filed a letter reflecting a change of address, there were no other substantive changes made to the initial R&R. (Doc. 19, #655 n.1, 666).

3

that there is no clear error on the face of the record in order to accept the recommendation." *See also Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases). Consistent with that charge, the Court has reviewed the R&R and has determined that it does not contain any "clear error on [its] face." Fed. R. Civ. P. 72(b) (advisory committee notes).

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a § 2254 habeas petition must be filed within one year of the date on which the judgment entering the prisoner's state conviction became final. *Jenkins v. Burgess*, No. 22-1451, 2022 WL 16985646, at *1 (6th Cir. Oct. 14, 2022). The Court agrees with the Amended R&R that Jozwiak's conviction and sentence became final once the time expired for him to seek the Supreme Court of Ohio's review of his direct appeal. (Doc. 16, #644–45; Doc. 19, #659–61 (citing 28 U.S.C. § 2244(d)(1)(A))). Notably, Jozwiak does not argue—and the record does not show—that any of the alternate dates on which the statute of limitations might run applies. *Gilmore v. Warden, London Corr. Inst.*, 1:22-cv-417, 2023 WL 5979463, at *2 (S.D. Ohio Sept. 14, 2023) (holding that the statute of limitations began running on the day the state court judgment became final, especially given the petitioner had not argued that any alternate date applied).

Because the Ohio Court of Appeals entered its judgment in Jozwiak's direct appeal on July 14, 2020, (Doc. 11, #245), and given he had forty-five days to seek review in the Supreme Court of Ohio, Ohio S. Ct. Prac. R. 7.01(A)(1)(a)(i), he needed to file his notice of appeal by August 28, 2020, for it to be timely. He did not. (Doc. 11, #267). As a result, the statute of limitations for his habeas petition began running on

4

August 29, 2020, the day after his opportunity to seek review in the Supreme Court of Ohio expired. *Bronaugh v. Ohio*, 235 F.3d 280, 284–85 (6th Cir. 2000). And the limitations period ended one year later, on August 30, 2021 (given the last day of the period ended on a weekend, Fed. R. Civ. P. 6(a)(1)(C)).[4] Unless tolled under 28 U.S.C. § 2244(d)(2), Jozwiak's filing of a habeas petition on December 6, 2022, would therefore be untimely. (Doc. 1).

Section 2244(d)(2) states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." That means the time during which a filing seeking collateral or post-conviction review is pending *before* finality occurs would not toll the limitations period, because such time is not counted anyway. 28 U.S.C. § 2244(d) (explaining that the limitations periods "run[s] from" the date of finality, but not

---

[4] The Magistrate Judge incorrectly suggested that the statute of limitations began running on "August 31, 2020, [because it was] the next business day after petitioner's conviction became final." (Doc. 16, #646; Doc. 19, #661). While *Bronaugh*, 235 F.3d at 284–85, applies Federal Rule of Civil Procedure 6(a) to the calculation of the AEDPA statute of limitations, Rule 6(a) does not permit moving the first day of the limitations period to the next business day. As the Sixth Circuit recently explained, the triggering event beginning the running of the clock is the date of finality—here, Friday, August 28, 2020. *Moss v. Miniard*, 62 F.4th 1002, 1009–10 (6th Cir. 2023). Though, the triggering date is itself excluded, the Court is to "count every day, including intermediate Saturdays, Sundays, and legal holidays." Fed. R. Civ. P. 6(a)(1)(B). So that means the Court necessarily counts, as day one, the day after finality, even if it falls on a weekend—here, Saturday, August 29, 2020. Hence, under Rule 6(a), "the limitations period would therefore end on the anniversary of the finality date," *Moss*, 62 F.4th at 1010, unless "the *last day* is a Saturday, Sunday, or legal holiday," Fed. R. Civ. P. 6(a)(1)(C) (emphasis added). The one-year anniversary of finality here was August 28, 2021, a Saturday. The next business day, Monday, August 30, 2021, is thus the date on which the AEDPA statute of limitations expired. Ultimately, the Magistrate Judge's miscalculation of the expiration date (listing August 31, 2021), has no effect given, as explained below, the limitations period was not tolled and Jozwiak's federal petition was filed well out of time.

before). So Jozwiak's October 16, 2019, motion to stay the execution of his sentence filed and disposed of before his conviction was final, *see supra* note 2, did not extend the time for him to file his federal habeas petition. In addition, § 2244(d)(2) is about tolling, not about restarting the limitations period—"once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (cleaned up). As Jozwiak's other post-conviction motions seeking collateral review were filed in 2022, well after the clock had run, they do nothing to toll the AEDPA statute of limitations. Therefore, under § 2244(d), Jozwiak's federal habeas petition had to be filed by August 30, 2021, to satisfy AEDPA's statute of limitations. Since he did not file by that date, his petition is untimely.

Apart from statutory tolling, there is also equitable tolling available in limited circumstances. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). Jozwiak, though, failed to argue in his opposition to Respondent's motion to dismiss that he is entitled to such tolling here. (*See* Docs. 13, 14). So he has forfeited the argument. *See Am. Copper & Brass, Inc. v. Lake City Indus. Prods., Inc.*, 757 F.3d 540, 545 (6th Cir. 2014). But that said, Jozwiak noted in his petition that any delay in filing his petition resulted from his need to "study [] the law" after an attorney informed Jozwiak that he had no viable basis for habeas relief (a response Jozwiak deems "bad advise [sic]"). (Doc. 1, #17). Accordingly, in an abundance of caution, the Court will address whether time devoted to personal legal edification constitutes a valid basis to support equitable tolling.

To merit equitable tolling, Jozwiak must show that he has been diligent about pursuing his rights and that his filing was untimely because of "extraordinary circumstances" outside of his control. *Holland*, 560 U.S. at 649. The Magistrate Judge did not clearly err in finding that Jozwiak failed to prove that he merits equitable tolling, as the record suggests he neither diligently pursued his rights nor faced extraordinary circumstances. As the Magistrate Judge correctly noted, (Doc. 16, #648 n.1; Doc. 19, #663 n.2), Jozwiak is not entitled to counsel in federal habeas proceedings, *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002), which means any disagreement he had with the counsel's conclusion that Jozwiak lacked grounds for obtaining a writ of habeas corpus is not a basis for equitable tolling, *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005). And the Magistrate Judge similarly did not err in noting that Jozwiak's lack of familiarity with the law is not a recognized basis for the Court equitably to toll the AEDPA statute of limitations, (Doc. 16, #648–49; Doc. 19, #664). *Cobas*, 306 F.3d at 444. Thus, Jozwiak has identified no extraordinary circumstances outside of his control to explain the delay. The over one-year gap between the running of the statute and Jozwiak's acting with respect to his conviction evinces a clear lack of diligence. (*See* Doc. 11, #280–81). Simply, the Magistrate Judge did not clearly err in finding that Jozwiak's asserted reason for his tardiness does not permit equitable tolling of the limitations period here.[5]

---

[5] And the Court agrees with the Magistrate Judge that considering Jozwiak has failed to make a showing of actual innocence—at best, he argues that there was a reason to discount the probative value of the evidence admitted at his trial, (Doc. 14, #635)—actual innocence cannot be a basis for excusing his untimeliness. (Doc. 16, #649; Doc. 19, #664).

Altogether, the Court finds that there was no "clear error on the face" of the R&R and Amended R&R. Fed. R. Civ. P. 72(b) (advisory committee notes). And for similar reasons, because the procedural bar to Jozwiak's petition is "plain," the Court finds that "jurists of reason would [not] find it debatable" that Jozwiak's habeas petition is time barred, which means he is not entitled to a certificate of appealability under § 2253(c). *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

So the Court **ADOPTS,** in large part, the Magistrate Judge's Report and Recommendation (Doc. 16) and Amended Report and Recommendation (Doc. 19) and **GRANTS** Respondent's Motion to Dismiss (Doc. 12). Accordingly, the Court **DISMISSES WITH PREJUDICE** Jozwiak's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (Doc. 1). The Court also **DENIES** Jozwiak a certificate of appealability under 28 U.S.C. § 2253(c). The Court **DIRECTS** the Clerk to enter judgment and to **TERMINATE** this case on its docket.

    **SO ORDERED.**

February 28, 2024
**DATE**

    **DOUGLAS R. COLE**
    **UNITED STATES DISTRICT JUDGE**